### MARGARET COADY *vs*. JOHN E. IGO.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Although it may be otherwise as to third persons, partners may, as between themselves, limit the scope of their mutual agency by special agreement.

In the present case the defendant, a master plumber, who regularly employed in his business less than five workmen, entered into a joint adventure with a master carpenter and with a master mason, wherein the three bought land in common and built houses thereon for sale, the net profits of which were to be divided equally. Each was to do the work pertaining to his trade, and each had the exclusive right of hiring, controlling and discharging the men employed by him, and was to be solely responsible for their wages. *Held* that under these circumstances and in the absence of any estoppel, the employees of the master carpenter, while working upon the houses, could not be treated and counted, upon the theory of a mutual agency, as the employees of the master plumber, and thus make the latter an employer of more than five workmen and consequently amenable to the provisions of our Workmen's Compensation Act.

Argued June 15th—decided July 27th, 1916.

APPEAL from a finding and award of the Compensation Commissioner of the third district adverse to the plaintiff, taken by her to the Superior Court in New Haven County and reserved by that court, *Tuttle, J.*, upon the findings of the commissioner, for the advice of this court. *Judgment advised for the defendant.*

*Walter J. Walsh*, for the plaintiff.

*James P. Pigott*, with whom was *Daniel J. Bailey*, for the defendant.

BEACH, J. The plaintiff (claimant) is the widow of Michael Coady, a plumber, who died suddenly while

attempting to locate a leak in the gas-pipes of his employer's shop.

The commissioner found that death was probably due to acute gas poisoning acting upon a heart weakened by disease, and that it resulted from an injury arising out of and in the course of the decedent's employment. This finding is not questioned. Nevertheless the commissioner dismissed the application on the ground that the respondent (defendant) had regularly less than five employees, and had not accepted the provisions of Part B of the Workmen's Compensation Act.

It is conceded that in his regular business as a master plumber the respondent employed less than five; but it is contended that he was a partner of one Galligan, a master carpenter, and of one Warner, a master mason, in a joint adventure of buying land and building houses thereon for sale; and that as such partner he was an employer, within the meaning of the Act, of Galligan's carpenters, who were working on the partnership houses on the day when Michael Coady was injured. The facts bearing upon this contention may be summarized as follows: Galligan, Warner and the respondent, Igo, acquired title in common to certain land and undertook to build houses thereon for sale, the net profits to be equally divided. They raised money for outside expenses on their joint and several note, and agreed that the respondent should do the plumbing work, Galligan the carpenter work, and Warner the mason work, at cost prices for materials and labor, the bills to be audited and approved by all three, and that each should have control of his own men. On the day of Michael Coady's death a number of carpenters supplied by Galligan under the above arrangement were working on the houses, and the claimant's contention is that while Galligan's carpenters were so employed upon the business of the partnership, they were in the employ of the

partnership and are to be counted as employees of Igo, in fixing his liability under Part B of the Act, as an employer of five or more.

It is apparent that two distinct questions are involved in this claim: whether Galligan's carpenters were in the employ of the partnership, and if so, whether the employees of a partnership are to be counted as employees of each of the partners in determining his liability under the Act for an injury to a servant employed by such partner in his individual domestic or business affairs.

The claimant relies on the general proposition that each member of a partnership is the agent of every other member in the transaction of the partnership business. But while it is true in partnership, as in other relations of principal and agent, that, as to third parties, the principal may be bound by the apparent, as well as by the actual, scope of the authority of a general agent, it is also true that, as between themselves, the partners may limit the scope of their mutual agency by special agreement. In this case, these three men, each engaged in a different, established business, associated themselves in an outside joint adventure. Each agreed to furnish at cost the labor and materials which he was specially equipped to furnish, and each was to have the control of his own men. As between themselves each remained the sole employer of his own workmen, having the exclusive right of hiring, controlling and discharging them, and the exclusive responsibility for their wages. To that extent the partners expressly agreed not to confer any mutual agency each upon the other. They might, no doubt, be estopped from setting up this special limitation of mutual agency as against a third party who furnished labor or materials to the partnership in ignorance of it. In the present case, however, it is conceded that the decedent was not engaged in furnishing labor to the partnership at the time when he

was injured, and that the injury arose out of and in the course of his employment in the respondent's regular individual business. Hence there is no basis for any claim of estoppel, and as against the decedent and his dependent the finding of facts as to the actual scope of Galligan's agency must control. It follows, that for the purposes of this case Galligan was not the agent of Igo in employing carpenters to work on the partnership houses, and that his carpenters were not employed by the partnership while so engaged.

This conclusion disposes of the case and makes it unnecessary to decide the other question above noted.

The Superior Court is advised to enter judgment dismissing the appeal and affirming the order of the commissioner.

No costs in this court will be taxed in favor of either party.

In this opinion the other judges concurred.