## No. 14,408.

GOLDEN ET AL. *v.* SANDERSON ET AL.

(86 P. [2d] 252)

Decided December 27, 1938.

Mr. O. A. JOHNSON, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING under the Workmen's Compensation Act. The claimant prevailed before the Industrial Commission; whereupon the employers, as plaintiffs, instituted the present action in the district court to reverse the commission's holding. The court upheld the award and entered judgment accordingly.

The claim is based upon allegations by claimant that

plaintiffs were partners, that he was employed by the partnership and while thus employed, and as the result of an accident arising out of and in the course of that employment, he sustained a hernia.

It appears that Golden, one of the plaintiffs, was the owner of a truck and a tractor, and that plaintiff Grennemyer owned a truck, a hay baler and a grinder; that in season the two would purchase stacked hay from farmers, and, each employing and paying his own helpers, they would unite their forces and bale the hay they had bought; that of the baled hay, either plaintiff, at his pleasure, would load his own truck and market it as and where he would, retaining the proceeds thereof; that there was absence of agreement to divide profits and losses, and neither accounted to the other for receipts from sales of hay. There were times when Grennemyer's men and Golden's men were all actively engaged in baling hay, and on some such occasions, but not always, the combined force of employed men would equal or exceed four in number; but neither then, nor at any time, did either plaintiff employ as many as four men. In instances the same man would have employment at the hands of Grennemyer or Golden, but never with both. Claimant was always employed and paid by Golden, never by Grennemyer, and at the time of the alleged accident he was loading hay on Golden's truck.

Plaintiffs were not partners; and since, as we have seen, claimant was not employed by Grennemyer, and that Golden, for whom claimant worked, was not employing as many as four men, we think industrial liability did not attach. See *Coady v. Igo,* 91 Conn. 54, 98 Atl. 328. Let the judgment be reversed.

Mr. Chief Justice Burke, Mr. Justice Bakke and Mr. Justice Holland concur.