CLEVELAND, COLUMBUS & CINCINNATI HIGHWAY, INC., APPELLANT, *v.* BOOKMYER, APPELLEE.

(Decided February 24, 1941.)

*Messrs. Young & Young* and *Mr. C. H. Ayres,* for appellant.

*Messrs. Stahl, Stahl & Stahl,* for appellee.

LLOYD, J. The petition of the plaintiff, Cleveland, Columbus & Cincinnati Highway, Inc., was filed in the

Court of Common Pleas on June 26, 1939. Thereafter an amended petition was filed, to which the defendant Bookmyer filed an answer on November 8, 1939.

For its cause of action, the plaintiff corporation alleges that the defendant Bookmyer, who was engaged in business in Fremont, employed three or more workmen therein "and engaged, among other things, as an independent contractor with this plaintiff from time to time, in leasing truck outfits, tractors and other motor vehicles operated by his own employees to this plaintiff"; that Bookmyer was not a contributor to the state insurance fund or a self-insurer; that on March 19, 1937, Frank S. House, one of defendant's employees, while "engaged in operating a tractor under contract between the defendant and this plaintiff * * * collided with a switch engine, whereby he sustained severe injuries"; and that, upon application therefor, House was awarded compensation by the Industrial Commission of Ohio against the plaintiff, which the plaintiff was required to and did pay and which it now seeks to recover of the defendant Bookmyer.

At the request of the plaintiff, the court entered separate findings of fact and law. The substance of the facts, as appears from the evidence and as found by the court, is that the plaintiff corporation was a self-insurer under the provisions of Section 1465-69, General Code; that the defendant Bookmyer was at the time of the collision in question "engaged in two separate businesses, viz., the owning of two truck outfits which he leased on a freight mileage basis to the plaintiff and the operation of a commercial repair garage business at Fremont, Ohio"; that the defendant at no time had more than two employees in his trucking business and took no part in the manual labor of the operation thereof; that the "two truck outfits were stationed at Cleveland and at no time were serviced or repaired at defendant's commercial garage" and "no

business connected with the trucking business was transacted in Fremont by the defendant, other than the keeping of the records of said trucking business at the home of the defendant''; that in his commercial garage business the defendant at no time had more than two employees; and that Frank S. House, employed by Bookmyer to operate one of the trucks leased to the plaintiff, was injured while so employed.

The basis of the alleged cause of action of the plaintiff for reimbursement of the amount paid by it to House pursuant to the order of the Industrial Commission in conformity with Section 1465-61, General Code, is that Bookmyer is amenable to the provisions of the Workmen's Compensation Act. If not amenable thereunder, then there is no occasion for discussing the other questions arising under the pleadings and the evidence.

There is no legal restriction forbidding an individual from conducting two separate and distinct businesses. If, then, Bookmyer was conducting his garage as one business, and was operating, as an independent contractor, his two trucks, as another business, in which he had two employees only, he would not be amenable to the provisions of the Workmen's Compensation Act. It clearly appears from the facts in evidence that his trucking business was separate and distinct from his garage business and that neither had any relation to the other beyond the fact that he owned and conducted both of them, and that in neither of them did he have more than two employees.

Having arrived at this conclusion, we affirm the judgment of the Court of Common Pleas.

*Judgment affirmed.*

Overmyer and Carpenter, JJ., concur.