KALSON and wife, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 11—February 15, 1946.*

For the appellants there was a brief by *Aberg, Bell, Blake & Conrad* and *Carroll Metzner,* all of Madison, and oral argument by *Mr. Metzner* and *Mr. W. J. P. Aberg.*

For the respondents there was a brief by *Rieser & Mathys* of Madison, attorneys for Charles H. Buehler, Jr., and Gerald A. Collins, and by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Levitan* and *Mr. C. G. Mathys.*

FRITZ, J. Plaintiffs' son, Robert Kalson, was fatally injured while engaged as an employee of the defendant, Charles H. Buehler, Jr., in his milk business. Buehler, likewise had a gasoline filling-station business, and also was engaged as a partner, with Gerald A. Collins, in a firm which operated a retail grocery business. The filling station was adjacent to the grocery-store premises. Kalson and Tom Mulligan were employed and paid by Buehler in the conduct of his milk business. Three or four other boys were employed and paid by the partnership in conducting the grocery business under the supervision of Buehler, or his wife or another woman during his absence. He employed no one to attend to the filling station, which with the coming of gasoline rationing was practically closed down except for occasional sales to customers who would be waited on by Buehler or his wife, or, on rare occasions, by one of the grocery-partnership employees, who were not paid extra for serving such customers. Those employees also helped Kalson unload milk which he

hauled to the grocery business to be stored overnight; and in exchange he, at times, helped them in the grocery-store work, without being paid anything by the partnership.

Upon those and other facts established by evidence introduced on the hearing conducted by an examiner of the Industrial Commission, he found and concluded:

". . . that the boys employed by the partnership had no contract of employment with Buehler, as an individual, and they were paid solely by the partnership; that the exchange of services so rendered was in the nature of an accommodation; that on the occasions when the deceased helped out the boys in the grocery store, and conversely, when the boys employed by the partnership helped the deceased on the milk route, there was no consent on their part as to a change of employer; and that, therefore, they cannot be considered loaned employees; that this is likewise true when the boys employed by the partnership on rare occasions pumped gas for Buehler, as an individual. That section 102.04 of the statutes defines an employer as 'Every person, firm and private corporation (including any public service corporation) who usually employs three or more employees,' etc.; that the term 'firm' has reference to a partnership or association of two or more persons carrying on a business; that under said section, the partnership in the instant case is a separate entity, and its employees cannot be counted along with those of Buehler's, as an individual, in order to make Buehler, as an individual, subject to the provisions of the Workmen's Compensation Act; that at no time did Buehler as an individual have more than two persons in his employ . . . that at the time of the fatal injury" Kalson was an employee of Buehler as an individual in the milk-route business and that as an individual he was not subject to the provisions of the compensation act.

Therefore, the examiner ordered plaintiffs' application dismissed; and this order was affirmed by the commission and its order was in turn confirmed by the court.

Plaintiffs contend that it was not intended by sec. 102.04 (2), Stats., which defines an employer as follows,—

"Every person, firm and private corporation (including any public service corporation) who usually employs three or more employees, whether in one or more trades, businesses, professions or occupations, and whether in one or more locations,"—

to insert the entity theory of partnership into the Workmen's Compensation Act; that in this state a partnership is not considered a separate entity, but is an aggregation of individuals who compose it; and that neither the compensation act nor the general law supports the commission's and Buehler's contention that a partnership is a distinct entity. Plaintiffs rely in part upon the statement in *Westby v. Bekkedal,* 172 Wis. 114, 120, 178 N. W. 451, that, "While the question has not been directly passed upon, the reasoning of many cases before this court is based upon the theory that a partnership has no entity distinct and apart from the persons who compose it." Therefore plaintiffs contend that the employees of the partnership are to be counted as employees of Buehler, in addition to his two employees in his milk business; and that, consequently, the examiner and commission erred in holding that Buehler was not subject to the compensation act.

It is conceded that the word "firm" as used in the phrase "Every person, firm and private corporation (including any public service corporation) who usually employs three or more employees," which is in sec. 102.04 (2), Stats., is synonymous with the word "partnership." But we cannot sustain the plaintiffs' contention that by use of the word "firm" in that phrase it was not intended to treat, under the compensation act, a firm as a separate entity, as distinguished from an aggregation of the individuals who compose the partnership. If it had been the legislative intention that every person who is a partner in a firm should as such partner be considered an employer of the firm's employees, then, in view of the term "every person," which precedes the word "firm" in the statute, there would have been no occasion to, and no purpose would

be served by the use therein of also the word "firm." In other words, if it was the legislative intention that, in determining who is an employer liable for compensation under ch. 102, Stats., a partnership was not to be treated as a separate entity, but that it was to be considered an aggregation of the individuals who are the partners thereof, and therefore every person who is such a partner is by virtue of that relationship to be considered also an employer of the firm's employees, then the term "every person" in sec. 102.04 (2), Stats., would have been sufficient to include all of the partners, and consequently the use of also the word "firm" in the statute would be superfluous. But that is not the consequence, and there is a purpose duly served in the statute by the word "firm," when it is considered to evidence the legislative intention that if a firm is an employer it shall be treated as a legal entity, separate and distinct from the persons who are the members thereof. Consequently, the boys employed by the partnership in operating its grocery business, but who had no contract of employment, express or implied, with Buehler in his individual capacity as the operator of his milk business and the filling station, cannot be counted as employees of Buehler in determining whether he is an employer under the definition in sec. 102.04 (2), Stats. Plaintiff relies upon *Thomas v. Industrial Comm.* 243 Wis. 231, 239, 10 N. W. (2d) 206, where it is said that the "Uniform Partnership Act is founded upon the aggregate, and not on the entity theory so far as all substantive rights, liabilities, and duties are concerned. Whatever recognition is given to the entity theory in the partnership act is solely for procedural or conveyancing purposes and this comment is applicable to references in the Workmen's Compensation Act to partners." The court was here referring to the ultimate substantive liability of partners which is an ordinary joint and several liability. It was meant to concede that the Workmen's Compensation Act for several other purposes, procedural or otherwise, important to its administration, did

recognize the partnership as an entity. The case under examination presents one of those situations.

Plaintiffs also contend that irrespective of the employees working for the partnership in its grocery business, Buehler was subject to the compensation act because he had three employees in his milk and gas businesses during the year 1944. As basis for this contention plaintiffs claim testimony, which was given by Buehler and also Gene Reinking and Francis Mulligan, that while they were employees of the partnership they also waited several times on customers at the filling station at Buehler's request or with his consent, admitted of finding that Reinking and Mulligan were employees of Buehler in also his gas business under an implied contract of hire. Even if that testimony might be deemed to admit of such a finding, it does not follow that the examiner erred in finding to the contrary, as stated above. At most there was presented under the evidence on that subject an issue of fact upon which the examiner's findings and the commission's affirmation thereof are conclusive. If the employees of the grocery business did occasionally wait on a filling-station customer they did not thereby necessarily become employees of Buehler individually in either his gas station or his milk business. The evidence is to the effect that they were paid solely by the partnership, and they had no contract of employment other than with it, and knew that they were employed by it. It does not appear that they expected or that it was contemplated by them or Buehler, that they were to receive anything for waiting on the filling-station customers, or that there was any intention or consciousness on their part, or on the part of Buehler that they should become also his employees in his individual capacity. Consequently, it was within the province of the examiner and the commission to find and conclude that the evidence did not establish any contract creating any such employment relationship between them and Buehler in his individual capacity.

*By the Court.*—Judgment affirmed.