Elmo BLEW, Appellant,

v.

Albert F. CONNER and Mary W. Conner, and
Hartford Accident and Indemnity
Company, Respondents.

No. 46898.

Supreme Court of Missouri,

En Banc.

Oct. 12, 1959.

Rehearing Denied Nov. 9, 1959.

Hess & Collins, Macon, for appellant.

James Glenn, Macon, for respondents Albert F. Conner and Mary W. Conner.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for respondent Hartford Accident & Indemnity Co.

WESTHUES, Judge.

This case, coming to the writer on reassignment, grew out of an occurrence on August 5, 1953, when plaintiff Elmo Blew was injured while he and others were in the process of reconstructing a dismantled barn in Macon County, Missouri. Plaintiff's injuries consisted of the loss of his left eye. He filed a claim for compensation with the Industrial Commission. A hearing before a referee resulted in an award in plaintiff's favor against Albert F. Conner and Mary W. Conner, his wife, employers, and the Hartford Accident and Indemnity Company as insurer. The award was for a total of $2,575.39. On appeal to the Commission, the award was affirmed. The case was appealed to the Circuit Court of Macon County. That court reversed the award on the theory that it was not supported by sufficient competent evidence. Thereafter, on appeal to the Kansas City Court of Appeals, that court affirmed the judgment of the circuit court in favor of the Hartford Accident and Indemnity Company but reversed that court as to the judgment in fa-

vor of the employers. The court directed the circuit court to remand the case to the Commission with directions to enter an award in favor of insurer and an award in favor of plaintiff Blew against the employers, Mr. and Mrs. Conner. See Blew v. Conner, Mo.App., 310 S.W.2d 294. On application of the employers, the case was ordered transferred to this court. The case is here as though an appeal had been taken direct to this court.

The questions presented for decision are: First, were the Conners major employers as defined in Sec. 287.050 RSMo 1949, V.A. M.S.? That is, did the Conners have more than ten regular employees under the provisions of Sec. 287.020, subsection 6, and Sec. 287.090, subsection 1(3)? (All statutory references herein are to RSMo 1949, unless otherwise noted.) Second, was plaintiff a casual employee? Third, was he employed as a farm laborer and therefore not protected by the Compensation Act under Sec. 287.090, subsection 1(2)? Fourth, if plaintiff was covered by the Compensation Act, is the insurer liable?

The parties all agree that plaintiff's injury arose out of and in the course of his employment. The facts as shown by the record may be stated as follows: Mr. and Mrs. Conner owned a farm in Macon County, Missouri. Ed Calvin was employed as farm manager. In July, 1953, a barn had burned on the Conner farm. A barn located a short distance from the farm had been purchased and, on August 5, 1953, plaintiff and five other men, including the farm manager Calvin, were engaged in dismantling and moving the barn purchased by the Conners to the Conner farm where it was to be reconstructed. In the course of this work, plaintiff was injured. It was shown that the task of taking down the barn and reconstructing it on the Conner farm would take about 30 days. Plaintiff had been doing carpentry work and was so engaged by the Conners.

The Conners lived in Peoria, Illinois. Mr. Conner owned a tavern but the license was in the name of Mrs. Conner. It may be assumed that this was a joint enterprise. Mr. Conner was also engaged in conducting an electrical shop in which two other persons were interested as partners. Mrs. Conner, so far as the record shows, had no interest in the electrical business. As to the number of employees in the tavern and the electrical shop, Mr. Conner's evidence is as follows:

"Q. Now, Mr. Conner, you have employees in the State of Illinois, do you not? A. Yes, sir, I own a tavern there.

"Q. You are in the tavern business over there? A. Yes, sir.

\*      \*      \*      \*      \*      \*

"Q. How many regular employees do you have in the State of Illinois? A. Four bartenders and a porter.

\*      \*      \*      \*      \*      \*

"Q. Are you interested in any other kind of business over in Illinois? A. Yes, sir.

"Q. What kind of a business is it? A. Electric shop.

"Q. Is that one also located in Peoria? A. Yes, sir.

"Q. And how many regular employees are there in that electric shop? A. I'd say about four or five.

"Q. And were there about four or five regular employees employed there at that electric shop on August 5th, 1953? A. Yes, sir.

"Q. So that as I understand it, it is a fact, that counting the employees at the electric shop and the employees at the tavern, that on August 5th, 1953, you did have ten regular employees in the State of Illinois?

\*      \*      \*      \*      \*      \*

"A. Yes but there is a difference in the two places.

"Q. I know, they are not the same business, they are two different businesses. A. Yes—one I own outright and one in partnership.

"Q. And they are separate businesses as I understand, that is, the electric business and the tavern business? A. Yes, sir."

■ The tavern was located at 310 Walnut Street and the electrical shop at 308 Walnut Street in Peoria, Illinois. In determining the question of the number of employees, let us begin with plaintiff and those engaged in moving the barn. Conner testified that there were five or six. The record definitely shows that, excluding Calvin, the farm manager, there were five employees engaged for the one project only, that of dismantling, moving, and reconstructing the barn. So, the men, except for Calvin, were not farm laborers. They must be classified as laborers or carpenters performing a specific job. Calvin, however, must be classified as a farm laborer. This question was considered at length by the Kansas City Court of Appeals, 310 S.W.2d loc. cit. 298–301 (9–11), (12). It would serve no useful purpose for us to discuss the matter at length. The Court of Appeals quoted from Peterson v. Farmers' State Bank of Eyota, 180 Minn. 40, 230 N.W. 124, where a rule was stated which we think may be applied to the question before us. Note what the Minnesota court said: "* * * a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one." Applying that rule to the facts of this case, we come up with the answer that the Conners had five employees, not farm laborers, and one farm laborer, Calvin. To the above five employees, we may add, without question, the five employees at the tavern in Illinois. It is the rule in this state that outstate employees may be included in determining whether an employer is a major or minor employer within the meaning of Sec. 287.-050. See Larson on Workmen's Compensation Laws, Vol. 1, Sec. 52.34, p. 774, and Elsas v. Montgomery Elevator Company, 330 Mo. 596, 50 S.W.2d 130, loc. cit. 133, 134(3, 4), (5). The fact that the employees were not employed in the same business does not prevent the employees, if more than ten in number, from being within the Compensation Act. Harmon v. Rainey, Mo., 306 S.W.2d 469.

■ It is our opinion that the persons employed at the electrical shop may also be included. Conner testified that they were his employees and that, of course, was so as a matter of law. Conner, as a partner in the business, was liable to each employee for his wages or injuries negligently inflicted. These employees, under a liberal construction of the Compensation Act, must be included as employees of Mr. Conner. Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, loc. cit. 112–114(3), (4), and authorities there cited. Sec. 287.020, subsection 1, reads in part: "The word 'employee' as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, * *." We, therefore, rule that there were fifteen employees and hence plaintiff's claim for compensation cannot be denied on the theory that his employer was a minor employer as defined by Sec. 287.050, subsection 2. There are cases from other states which hold otherwise. See 99 C.J.S. Workmen's Compensation § 42b, p. 229, paragraph headed "Employees of another employer" where it is said, "An employee of a partnership is not to be counted as an employee in the employment of an individual partner operating a business separate and distinct from the partnership business; * * *." The case cited, Kalson v. Industrial Commission, 248 Wis. 393, 21 N.W.2d 644, supports the text. Our statute, Sec. 287.050, states that "a 'major employer'

shall mean an employer who has more than ten employees regularly employed." It is our duty to construe the Compensation Act liberally and we have done so. Elsas v. Montgomery Elevator Company, 50 S.W. 2d loc. cit. 134(6). In McFall v. Barton-Mansfield Co., 333 Mo. 110, 61 S.W.2d 911, loc. cit. 913(3), this court (Division Two) said of Sec. 287.050, "It is to be given its plain, unrestricted meaning."

In the opinion of the Court of Appeals in this case, in construing Sec. 287.050, that court quoted from Harmon v. Rainey, 306 S.W.2d loc. cit. 471: " 'Just as there is no restriction in the statutes as to the place of employment, there also is no restriction that the employees who may be counted to constitute the required minimum number must be employed in the same business. The only requirements are that they not be in an employment exempt from the application of Section 287.050 by reason of the provisions of Section 287.090, and that they all be employed by the same employer.' " 310 S.W.2d loc. cit. 302(14).

Let us suppose "A" has a lumber business wherein he employs seven men. "A" also has a drug business where he has eight employees. Under our rulings, all fifteen employees would be counted and "A" would be a "major employer." But, suppose "A" has a partner "B" in the lumber business, and a partner "C" in the drug business, would "A" then be a major employer? Our answer is in the affirmative. The reason is that all fifteen persons working in the two businesses would be employees of "A". The statutory definition of "major employer" would include "A". Such a ruling would not be contrary to any law applicable to partnerships. The partner interest of "B" and "C" could not and would not be subjected to the payment of any compensation adjudged against "A". The Missouri cases cited supra support this conclusion.

Larson, in his "Workmen's Compensation Law," Vol. 1, Sec. 52.33, pages 773, 774, in discussing the question of whether all employees of an employer, even though in separate and distinct business enterprises, should be counted, said, "The failure to make any limitation to a single business, especially where the majority of statutes do so, should establish a strong presumption that the language means what it says without qualification. As to the purpose of the exemption, it is now generally agreed that it is a matter of avoiding administrative inconvenience to very small employers. Therefore, if an employer is in business on a large enough scale to hire an aggregate of the number of employees specified, he can surely be expected to undertake the administrative and insurance burdens of compensation coverage whether the employees are all in one business or not." That statement may well be applied to the situation we now have before us.

The compensation law should not be construed so that its object may be easily circumvented. In our opinion, the employees at the farm, those at the tavern, and also those employed at the electrical shop may all be counted as employees of Albert F. Conner.

Sec. 287.020, subsection 6, is a complete answer to the second question, that is, whether or not plaintiff was a casual employee. The subsection reads: "An employee who is employed by the same employer for more than five and one-half consecutive work days shall for the purpose of this chapter be considered a regular and not a casual employee." The employer testified that the project of dismantling, moving, and reconstructing the barn would consume at least thirty working days. We need not discuss the question further.

What has been said in considering the first question is also applicable to the third question, that is, whether plaintiff was a farm laborer. We held that he was not.

The fourth question is whether the insurer is liable. The insurer Hartford

Accident and Indemnity Company contends that its policy issued to defendant Mary W. Conner covered only the tavern in Illinois and covered only claims against her under the Illinois Workmen's Compensation Law, S.H.A. ch. 48, § 138.1 et seq.; that the policy does not cover any claim under the Missouri Compensation Law. The Court of Appeals held, and we think rightly so, that the policy did not cover any claim under the Missouri Compensation Act. That court held further, and we agree, that the evidence did not justify a holding that the insurer had by waiver or estoppel rendered itself liable for any award in favor of plaintiff. Waiver or estoppel cannot be used to create a cause of action but only to preserve pre-existing rights. For a full discussion of this point, we refer the reader to the opinion of the Court of Appeals, 310 S.W.2d loc. cit. 303, 304(15, 16).

■ There is another reason the insurer should not be held liable in this case. The fifteen employees, that is, the five employees on the barn project in Missouri, the five employed at the Illinois tavern, and the five employed at the electrical shop, may be and were by what we have heretofore said charged against Albert F. Conner as his employees. The question remains, can they all be numbered as employees of Mary W. Conner, Albert's wife? Of course, those employed in Missouri on the barn project and those at the tavern may be so counted. It is not so, however, with the employees at the electrical shop. So far as the record shows, Mrs. Conner had no interest in that business which was owned by Albert F. Conner and two other persons. Under our Missouri law, a wife may own property in her own right or conduct a business in her own name. So may the husband. Mrs. Conner was not liable to any of the employees of the electrical shop for wages nor was she liable to any such employees for injuries sustained through negligent operation of the business. The Compensation Act has not created any liability on the part of the wife for injuries

sustained by an employee of her husband in a business conducted by him wherein she has no interest beyond being the wife of the owner. It follows then that Mrs. Conner was not a major employer under our Compensation Act because she had only ten employees (Calvin being a farm laborer). That being so, the insurer of Mrs. Conner cannot be held liable under the Missouri Compensation Act under a policy covering the employees at the tavern in Illinois under the compensation act of that state.

The conclusion necessarily follows that the evidence in this case was and is insufficient to sustain the award of the Commission in favor of plaintiff except as against defendant Albert F. Conner.

The judgment of the Circuit Court of Macon County, Missouri, is therefore affirmed in all respects except as to Albert F. Conner. That part of the judgment must be reversed. The judgment of the Circuit Court is therefore reversed and the cause remanded to that court with directions to enter a new judgment reversing the award of the Commission and to direct the Commission to enter an award in favor of plaintiff and against Albert F. Conner only; further, to enter an award in favor of Mary W. Conner and the Hartford Accident and Indemnity Company.

It is so ordered.

HOLLINGSWORTH, C. J., and STORCKMAN and LEEDY, JJ., concur.

DALTON, J., not sitting.

EAGER, J., dissents in separate opinion filed.

HYDE, J., dissents and concurs in dissenting opinion of EAGER, J.

EAGER, Judge (dissenting).

I feel compelled to dissent for the sole reason that I do not believe that the employees of the Illinois electrical shop may properly be added to the other employees

considered, in order to constitute Conner a major employer. The electrical business was a partnership in which Connor and two other persons (wholly unconnected with his other ventures) were interested. Its business was wholly unrelated to the farm and the tavern. I regard the case of Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, as distinguishable on its facts; it held, essentially, that an acceptance of the Compensation Act by a partnership was binding upon an individual member who continued to operate the same business after dissolution of the partnership. If the case is not thus distinguishable, I do not agree with the law there declared on this point.

Missouri has adopted the Uniform Partnership Law, Sections 358.010–358.430 RSMo 1949, V.A.M.S. (to which revision further statutory citations will refer). Section 358.150 thereof provides that the liability of partners shall be joint, except for certain debts and obligations not material here. There has been some discussion of the effect of this section when contrasted with section 431.110, providing that all common-law joint contract liabilities shall be construed to be joint and several; and it has been said that the legislature's action seems to recognize partnership obligations generally as only joint, subject to the right to sue less than all under section 431.140. 15 Mo. Law Review 176, April 1950. But such considerations of a partner's liability refer primarily to his ultimate substantive liability in contract, and not to the nature of a partnership as a separate entity in Workmen's Compensation matters. Kalson v. Industrial Commission, 248 Wis. 393, 21 N.W.2d 644. There a partnership was regarded as a separate entity for such purpose. In Toenberg v. Harvey, 235 Minn. 61, 49 N.W.2d 578, 581, it was held that the Uniform Partnership Act treats a partnership as an entity for certain purposes, and that under the Minnesota statute defining an employer as any "person, corporation, copartnership, or association * * *" a partnership was a legal entity under the Compensation Act. And see the earlier case of Gleason v. Sing, 210 Minn. 253, 297 N.W. 720. Section 287.030 of our Workmen's Compensation Law provides that the word "employer" is construed to mean: "Every person, partnership, association, corporation, trustee, receiver, * * * using the service of another for pay; * * *." It seems obvious that our act appears thus to recognize a partnership, as distinguished from its constituent members, as an employing entity. And it thus seems inappropriate to consider our present question as one depending upon the individual liability of a partner for partnership obligations; the mere existence of a severable liability for partnership debts is not determinative here. All liability under the Compensation Act arises by virtue of specific contract relationship between an employer and an employee; it is difficult to see how each indvidual partner may properly be considered as an employer in his sole capacity when the real employment contract is with the partnership; and this is true regardless of any ultimate individual liability.

In Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304, 308, the court said: "* * * in some manner not fully disclosed by the record the defendants below, Rufus Powell and Lewis Pridmore, as individuals, were made parties respondent before the Industrial Commission. As above disclosed, unless they, or either of them, were individually the employer of the plaintiff an award could not have been entered personally or individually against either regardless of whether they were members of the partnership. See Palle v. Industrial Commission of Utah, 79 Utah 47, 7 P.2d 284, 81 A.L.R. 1222." And see, generally, Buhler v. Maddison, 105 Utah 39, 140 P.2d 933, 937; Coady v. Igo, 91 Conn. 54, 98 A. 328; and 99 C.J.S. Workmen's Compensation § 42, p. 229, citing the Kalson case, supra. We may take care of any attempted circumvention of the Com-

pensation Act when and if such appears in the future. Here we are considering only bona fide separate businesses.

Missouri has already gone further than the majority of states in aggregating the employees in different businesses of an employer in order to make him a major employer. Larson, Workmen's Compensation, § 52.33; Harmon v. Rainey, Mo., 306 S.W.2d 469; and it also permits out-state employees to be counted in arriving at the aggregate number. But the writer fails to see the logic of a further extension to be accomplished by holding that employees of a husband and wife in erecting a barn, their employees in a tavern, and the employees of an· electrical partnership in which the husband is merely interested as a partner, are all "employed by the same employer." That is an essential element. Harmon v. Rainey, supra.

These views would result in an affirmance of the judgment of the circuit court.