**Theron CRALL, Claimant-Appellant,**

v.

**Arnold HOCKMAN and Lexie S. Wallace, d/b/a H & W Construction Company, and Lexie S. Wallace, an Individual, Respondents.**

No. 55136.

Supreme Court of Missouri, En Banc.

Dec. 14, 1970.

Gary C. Clifton, Robert E. Stewart, Kansas City, for claimant-appellant Theron Crall.

Leo T. Schwartz, Kansas City, for respondent Arnold Hockman and Lexie S. Wallace, a partnership d/b/a H & W Construction Co. and its insurer, Equity Mutual Insurance Co.

David H. Clark, Kansas City, for employer-respondent Lexie S. Wallace; Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, of counsel.

FINCH, Judge.

This case is written on recent reassignment. It involves an appeal from a circuit court judgment which set aside an Industrial Commission award in favor of claimant Crall. The Kansas City Court of Appeals reversed with directions to the Circuit Court to reinstate the award of the Industrial Commission. On application, we ordered the case transferred and we now decide it as though on direct appeal to this court. Art. V, §§ 3 and 11, Const. of Mo., 1945, V.A.M.S. We affirm.

The compensation award was for injuries received while claimant was working as a tile setter in a house being constructed by Lexie S. Wallace and his wife on a lot which they owned by the entirety. The Wallaces did not let a general contract but instead arranged separately for various persons or firms to perform such things as excavation, carpentry, tile work, heating, plumbing, electrical work, etc. Most of these were subcontracts and Wallace contends that claimant was an independent contractor. However, the Industrial Commission found that he was an employee,

and there is ample evidence to sustain that finding.

Crall's claim was asserted against Wallace individually and also against Arnold Hockman and Lexie S. Wallace, a partnership d/b/a H & W Construction Company (hereinafter referred to as H & W), as well as its insurer, Equity Mutual Insurance Company. The Commission found that Crall was not an employee of H & W and denied compensation as against it and its insurer. Claimant did not appeal from that adverse decision. However, the Commission did find that Crall was an employee of Wallace individually. It concluded that Wallace was a major employer and made an award of $4350 against him and in favor of Crall. It is that award which is involved in this appeal.

Various questions have been raised on this appeal, but the decisive issue is whether, under our Workmen's Compensation Act, Chap. 287 (all statutory references are to V.A.M.S.), the employees of a partnership are to be attributed to an individual partner therein for the purpose of determining whether that individual partner is a major employer under the Act. This question arises in this case by reason of the fact that Wallace was a partner in H & W, which was a major employer and subject to the Act. There is no contention by claimant that Wallace individually (aside from H & W) had enough employees to make him a major employer under § 287.-050 (which at that time required more than ten employees).

The determination of this question necessitates the consideration of the provisions in the Compensation Act defining "employee" and "employer." They are as follows:

§ 287.020. "1. The word 'employee' as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any

appointment or election, including executive officers of corporations. * * *."

§ 287.030. "1. The word 'employer' as used in this chapter shall be construed to mean:

(1) Every person, partnership, association, corporation, trustee, receiver, the legal representatives of a deceased employer, and every other person, including any person or corporation operating a railroad and any public service corporation, using the service of another for pay; * * *"

It is claimant's position that Wallace was liable individually for the obligations of the partnership, including those to its employees, and that as a result the employees of H & W were employees of Wallace individually. Consequently, says claimant, Wallace, as an individual, was a major employer simply by reason of the fact that he was a partner in a firm which was a major employer. He cites and relies on Blew v. Conner, Mo., 328 S.W.2d 626, and Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, both of which were relied on in the opinion of the Court of Appeals. Both cases support claimant's contention, but we ordered transfer of this case to review and reconsider the interpretation of the above statutory provisions made therein.

In Blew v. Conner a husband and wife operated a tavern in Peoria, Illinois, where they had five employees. They employed five other people to move a barn onto a farm they owned in Missouri. This was not exempt agricultural work, and one of these persons was injured and filed a claim for compensation. The husband and wife had only ten employees at these two places, and this was not sufficient to make them a major employer. However, the husband was a partner with two other men in an electrical shop in Peoria which had four or five employees. In a four to two decision this court held that the employees of the electrical shop partnership should be considered as employees of Conner individual-

ly and that they, when added to the five employees in the tavern and the five moving the barn, were sufficient to make him a major employer subject to the Act. In so holding, the court said, 328 S.W.2d 1.c. 629: "It is our opinion that the persons employed at the electrical shop may also be included. Conner testified that they were his employees and that, of course, was so as a matter of law. Conner, as a partner in the business, was liable to each employee for his wages or injuries negligently inflicted. These employees, under a liberal construction of the Compensation Act, must be included as employees of Mr. Conner. Brollier v. Van Alstine, 236 Mo.App. 1233, 163 S.W.2d 109, loc. cit. 112–114(3), (4), and authorities there cited."

In the earlier case of Brollier v. Van Alstine, supra, the court held that the inclusion in the statute of the term "partnership" in defining an "employer" did not result in the partnership being a separate employing entity under the Act.

As above noted, § 287.030, subd. 1(1), in defining "employer," states that it means "Every person, partnership, association, corporation, trustee, receiver, * * * using the services of another for pay." Under the interpretation of that statute as contained in Blew v. Conner and Brollier v. Van Alstine, every individual is treated as a separate employing entity and every corporation is treated as a separate employing entity, but a partnership is not so considered even though the statute also specifically enumerates it as an employer under the Act. Judge Eager, in a vigorous dissent in the Blew case, joined in by Judge Hyde, took the position that the Act did intend by the use of the term "partnership" to recognize it as a separate employing entity. 328 S.W.2d at 1.c. 632, Judge Eager said: "It seems obvious that our act appears thus to recognize a partnership, as distinguished from its constituent members, as an employing entity. And it thus seems inappropriate to consider our present question as one depending upon the individual liability of a partner for partnership obli-

gations; the mere existence of a severable liability for partnership debts is not determinative here. All liability under the Compensation Act arises by virtue of specific contract relationship between an employer and an employee; it is difficult to see how each individual partner may properly be considered as an employer in his sole capacity when the real employment contract is with the partnership; and this is true regardless of any ultimate individual liability."

The Supreme Court of Wisconsin in the case of Kalson v. Industrial Commission, 248 Wis. 393, 21 N.W.2d 644, considered a somewhat similar statute in which an employer was defined as including persons, firms and private corporations. In holding that the word "firm" indicated an intention that a partnership should be considered as a separate employing entity under the Wisconsin Act, the court said, 21 N.W.2d l.c. 645:

"It is conceded that the word 'firm' as used in the phrase 'Every person, firm and private corporation (including any public service corporation) who usually employs 3 or more employes', which is in sec. 102.-04(2), Stats., is synonymous with the word 'partnership'. But we cannot sustain the plaintiffs' contention that by use of the word 'firm' in that phrase it was not intended to treat, under the compensation act, a firm as a separate entity, as distinguished from an aggregation of the individuals who compose the partnership. If it had been the legislative intention that every person who is a partner in a firm should as such partner be considered an employer of the firm's employees, then, in view of the term 'every person', which precedes the word 'firm' in the statute, there would have been no occasion to, and no purpose would be served by the use therein of also the word 'firm'. In other words, if

it was the legislative intention that, in determining who is an employer liable for compensation under Ch. 102, Stats., a partnership was not to be treated as a separate entity, but that it was to be considered an aggregation of the individuals who are the partners thereof, and therefore every person who is such a partner is by virtue of that relationship to be considered also an employer of the firm's employees, then the term 'every person' in sec. 102.04(2), Stats., would have been sufficient to include all of the partners, and consequently the use of also the word 'firm' in the statute would be superfluous. But that is not the consequence, and there is a purpose duly served in the statute by the word 'firm', when it is considered to evidence the legislative intention that if a firm is an employer it shall be treated as a legal entity, separate and distinct from the persons who are the members thereof."

The court in Kalson proceeded to hold that the employees working for a partnership operating a grocery store were not to be counted as employees of one of the partners individually in determining whether he was under the Wisconsin Compensation Act.[1]

We agree with the analysis and reasoning of the Wisconsin court and the dissenting opinion of Judge Eager in Blew v. Conner, supra. They give meaning and purpose to each of the words enumerated by the general assembly in defining what should constitute an employer under the Compensation Act. The specific mention of "partnership" in the definition then means something. It is true that generally Missouri has adopted the aggregate rather than the entity theory of partnership. Ward v. State Farmers Mutual Tornado Insurance Company of Missouri, Mo., 441 S.W.2d 1. However, so has Wisconsin, but the Wisconsin Supreme Court pointed

---

1. For other cases holding that a partnership is a separate employing entity under the compensation statute, see Toenberg v. Harvey, 235 Minn. 61, 49 N.W. 2d 578; Gleason v. Sing, 210 Minn. 253, 297 N.W. 720; Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304; Mendonca Dairy v. Mauldin, Okl., 420 P.2d 552; Coady v. Igo, 91 Conn. 54, 98 A. 328.

out in Kalson that this did not mean that the general assembly could not and did not intend otherwise in defining an employing entity under the Act. They took the position that when the legislature designated such firm as an employing entity, that was what the general assembly intended. Judge Eager's dissenting opinion takes a similar position with respect to the Missouri statute, and we conclude that this represents a correct interpretation of the language of the Act. It is consistent with the definition in § 287.020, subd. 1 of an employee as a person "in the service of *any employer, as defined in this chapter."* (Emphasis supplied.)

A hypothetical example will illustrate, we believe, the logic of this interpretation of § 287.030, subd. 1. Suppose a firm of doctors operates a clinic as a partnership with sufficient receptionists, nurses and technicians to bring the clinic under the Act as a major employer. It carries compensation insurance to cover liability of the clinic to its employees. Assume further that one of the doctors belonging to the partnership hires a man to paint his home. The painter is paid by the hour, and after working more than five and one-half days he falls and injures himself. He files a compensation claim against the doctor, who has no other employees unless he is charged with the employees at the clinic. He has not elected to come under the Act and does not carry compensation insurance. Did the General Assembly, when they adopted the Workmen's Compensation Act, intend that such partnership clinic should not be considered a separate employing entity, despite the inclusion of "partnership" in the definition in § 287.030, subd. 1? Did they intend that all the clinic's employees should be attributed to the doctor individually so as to make him a major employer? Is there any reason to believe that the General Assembly intended and contemplated that an individual such as this doctor would carry compensation insurance to cover persons such as this painter and that the doctor would be liable

for compensation in the absence of such insurance? We think not.

[■■■]  Accordingly, we hold that a partnership is a separate employing entity under § 287.030, subd. 1(1) of the Compensation Act and that the employees of H & W should not have been attributed to Wallace for the purpose of determining whether he individually was a major employer. Without counting the H & W employees, Lexi Wallace did not have sufficient employees to make him a major employer, and the Circuit Court was correct in reversing the compensation award against him.

The decision we reach necessarily means that Blew v. Conner, supra, and Brollier v. Van Alstine, supra, to the extent inconsistent with the views herein expressed, no longer should be followed.

Judgment affirmed.

HENLEY, C. J., DONNELLY, SEILER and HOLMAN, JJ., and HOGAN and DOWD, Special Judges, concur.

MORGAN, J., not sitting.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.