GREAT WEST CASUALTY COMPANY, Appellant,

v.

Roger Leslie WENGER, James L. Brittain, Cheryl M. Quick, Tanya Quick, Pro Ami, Jason Quick, Pro Ami, and Brittain Truck Line, Inc., Respondents.

No. WD 39551.

Missouri Court of Appeals, Western District.

April 12, 1988.

---

Michael A. Childs, Turner, Boisseau and Hursh, Kansas City, for appellant.

J. Michael Cronan, Cronan and Messick, Kansas City, for respondents.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

This is a declaratory judgment action brought to determine whether appellant's policy of automobile liability insurance afforded protection to respondents on account of a casualty which occurred April 15, 1986. The trial court held that the Great West policy was effective as insurance protection for respondents and Great West has appealed. We conclude that the trial court was in error and therefore reverse the judgment.

For purposes of this action, the facts are not in dispute. A tractor truck owned by Brittain Truck Line, Inc., was insured under a policy issued by Great West. The corporation, James Brittain and Roger Wenger were insureds under the policy. In the early morning hours of April 15, 1986, while Wenger was attempting to back the tractor, and an empty trailer unit attached to it, across Highway 10 in Ray County into Wenger's home driveway, a collision occurred with an automobile driven by Orville Quick. As a result of that accident, Quick suffered fatal injuries. The claim underlying this action is a wrongful death suit brought against Wenger by Quick's heirs.

The Great West policy of liability insurance covering the Brittain truck contained an endorsement captioned "Truckers–Insurance for Non–Trucking Use." Under the endorsement, no liability coverage was provided while the vehicle was used to carry property in any business or while the vehicle was used in the business of anyone to whom the vehicle was rented.

On the day before the accident, April 14, 1986, Brittain had dispatched Wenger with the truck tractor to the Burlington Northern Hub Center in North Kansas City to pick up a sealed trailer loaded with wire spools. The trailer had arrived by rail from Seattle and was destined for Moberly, Missouri. The entire movement of the trailer was under the direction of City Moving Systems which Brittain intended to bill for the Kansas City–Moberly portion of the transport. As instructed, Wenger picked up the loaded trailer and delivered it to Moberly where the shipment of wire was off-loaded. Wenger was en route returning the empty trailer when the accident happened.[1]

It is understood in the trucking industry that a truck is under dispatch from the time the load is picked up for transport until the driver returns the empty trailer. The trial court here found that the Brittain tractor was being used at the time of the accident to carry property "in any business" and was also being used "in the business of one to whom the auto was rented" within the terms of the Great West policy endorsement restricting liability coverage. The issue of whether that finding is correct is not raised in this appeal.

After the accident was reported to Great West, a claims adjuster for the company wrote to Brittain and Wenger calling their attention to the policy endorsement by reference to its caption. The adjuster went on to describe the limitations which the endorsement entailed, stating:

---

1. The trial court found, and the parties do not contest, that Wenger's detour for the conduct of personal business at his home was a usual practice which did not cause a discontinuous business use of the vehicle. The route was one which Wenger was obligated to take, in any event, and therefore entailed travel over no added distance.

In simple terms, this means that the coverage does not apply on the tractor or a tractor-trailer combination when it is being used in the furtherance of the business of a truck line.

The adjuster concluded by stating that the Great West policy provided no coverage for the accident involving Quick.

Trial of the declaratory judgment suit elicited evidence from which the trial court made findings of fact generally summarized above. In its conclusions of law, the trial court held that the insuring agreements of the Great West policy provided no coverage for the April 15, 1986 accident because the tractor trailer units were at the time being used to carry property in any business and were being used in the business of the party to whom the units were rented. The court also held, however, that Great West could not rely on the policy terms as a basis to deny coverage, but only on the conditions set out in the adjuster's letter to Brittain and Wenger. That letter, the trial court held, did not set out a sufficient basis to deny coverage and Great West was therefore obligated to the extent of the policy limits for any liability of Wenger as respects the claims for Quick's death.

The evidence, the findings of fact and the conclusions of law do not persuade this court that any basis exists to support the trial court's conclusion that a significant variance exists between the content of the adjuster's letter and the conditions of the restrictive endorsement. The letter expressly refers to the terms of the endorsement as the basis upon which coverage was denied and succinctly describes in common language the meaning of the endorsement.[2] For purposes of this opinion, however, we assume the validity of the trial court's conclusion, that is, the policy did not provide coverage for the subject occurrence but the adjuster's letter stated a different and ineffective ground upon which coverage was denied.

In the dispositive point raised on this appeal, Great West contends the judgment was in error because the doctrines of waiver and estoppel may not be employed to create insurance coverage where the risk is not insured under the policy. This proposition represents well settled and long-standing law in Missouri.

In *Blew v. Conner*, 328 S.W.2d 626, 631 (Mo. banc 1959) (Hyde and Eager, JJ., dissenting),[3] a worker's compensation insurer issued a policy covering an Illinois business but excluding claims brought under the Missouri Compensation law. It was argued that the insurer had by waiver and estoppel rendered itself liable for any award in favor of plaintiff. The court held that waiver or estoppel cannot be used to create a cause of action but only to preserve pre-existing rights. *Id.* The court went on to refer to an earlier court of appeals opinion in the same case, *Blew v. Conner*, 310 S.W.2d 294, 303–04 (Mo.App. 1958), wherein it was stated:

> While waiver and estoppel may prevent an insurer from asserting a *defense* to coverage otherwise provided by an insurance policy our Missouri appellate courts so far as we have been able to ascertain have not yet permitted the use of either waiver or estoppel to establish coverage in the first instance where none existed before. ... [T]he rule is generally expressed that estoppel and waiver do not themselves give a cause of action, and that the purpose of estoppel is to preserve rights previously acquired but not to create new ones.

The court refused to apply any doctrine of waiver or estoppel so as to cause coverage where the policy itself clearly never provided coverage. *Id.* at 303.

In *Martinelli v. Security Insurance Co.*, 490 S.W.2d 427 (Mo.App.1972), the court found that the insured's injury resulted from an activity excluded from coverage by the terms of the policy. The insured

---

**2.** *See Leachman v. Northern Assurance Co. of America*, 728 S.W.2d 307, 311 (Mo.App.1987).

**3.** *Blew* was later partially overruled on other grounds. *See Crall v. Hockman*, 460 S.W.2d 668 (Mo. banc 1970).

claimed that certain acts of the insurer estopped the insurer from later denying coverage. The court held that:

> The general principle has long been recognized that " 'As a general rule, the doctrines of waiver or estoppel can have a field of operation only when the subject matter is within the terms of the contract, and they cannot operate radically to change the terms of the policy so as to cover additional subject matter. Accordingly, it has been held by the weight of authority that ... estoppel cannot create a contract of insurance or so apply as to bring within the coverage of the policy property, or a loss or risk, which by the terms of the policy is expressly excepted or otherwise excluded ...' " *Weber v. Union Life Ins. Co.*, Mo.App., 394 S.W. 2d 565[3, 4] [1965]; ... Since we have held that the particular activity is within the exclusionary clause, [the insurer] cannot be estopped in view of the facts presented here.

*Id.* at 434.

The court in *State Farm Mutual Automobile Insurance Co. v. Hartford Accident & Indemnity Co.*, 646 S.W.2d 379 (Mo.App.1983), after reviewing a number of cases dealing with waiver and estoppel as it affects insurance coverage, came to the following conclusion:

> The thread of law which runs through all of the foregoing cases, and the cases cited therein, is that a coverage excluded, or not included, within the coverage insurance agreement may not be included upon the basis of waiver or estoppel for failure timely to assert that defense.

*Id.* at 381. The court also distinguished two of the cases relied on by respondent here, *State Farm Mutual Automobile Insurance Co. v. Central Surety and Insurance Corp.*, 405 S.W.2d 530 (Mo.App.1966), and *Aetna Casualty & Surety Co. v. Haas*, 422 S.W.2d 316, 321 (Mo.1968). *See also Maryland Casualty Co. v. Fidelity & Casualty Co.*, 313 F.Supp. 560, 564 (W.D.Mo. 1970). Also distinguishable is *Stone v. Waters*, 483 S.W.2d 639 (Mo.App.1972), in which the ruling that the insurer might not assert a new and additional defense to that contained in its denial letter merely preserved the insured's pre-existing rights under the policy. The case did not involve facts where there was no coverage to begin with. *See id.* at 646.

In the present case, the trial court found, and we believe correctly so, that the Great West policy did not provide insurance coverage for the Brittain tractor when it was being used to return the empty trailer from Moberly to the Burlington Northern hub yard. The tractor was then being used either in the business of one to whom it was rented or to carry property in the transfer business. When the trial court found in this circumstance that the adjuster's letter operated to create coverage it erred in applying the doctrine of waiver or estoppel to create a liability not existing under the insurance contract. *See Weber v. Union Life Insurance Co.*, 394 S.W.2d 565, 570 (Mo.App.1965).

The judgment is reversed and the cause is remanded with directions that the court enter judgment for appellant in accordance with this opinion.

All concur.