SOUTHWEST REGIONAL JOINT BOARD OF the AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, AFL–CIO, CLC, et al., Plaintiffs–Respondents,

v.

Patty BARCUS, et al., Defendants–Appellants.

No. 18091.

Missouri Court of Appeals,
Southern District,
Division Two.

July 21, 1993.

Steven E. Marsh, Hulston, Jones, Gammon & Marsh, Springfield, for defendants-appellants.

Maureen McCarthy Franz, Franz & Franz, P.C., St. Louis, for plaintiffs-respondents.

FLANIGAN, Judge.

This action was instituted in the Circuit Court of Webster County. Plaintiffs are a labor union and union officials, including the president of Local 841 which is affiliated with the union. The 24 defendants are allegedly members of Local 841 and the union. The petition sought judgment against the respective defendants in amounts varying from $32 to $80, representing unpaid membership dues allegedly owed by the defendants.

After defendants filed an answer, plaintiffs filed a motion for summary judgment. Defendants filed a "Cross–Motion" for summary judgment. The trial court sustained plaintiffs' motion for summary judgment, denied defendants' cross-motion, and entered judgment in favor of plaintiffs against the defendants in amounts totaling $1,696, together with prejudgment interest. Defendants appeal.

A motion for summary judgment "shall state with particularity the grounds therefor." Rule 74.04(c).[1] Defendants contend that the trial court erred in sustaining plaintiffs' motion for summary judgment because the ground on which it was based was, for reasons to be stated, insufficient. This court agrees.

In *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993), the court said:

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment....

[T]he movant continues to bear the burden of establishing a legal right to judgment and the absence of any genuine issue as to any material fact required to support that right to judgment.

Plaintiffs' motion for summary judgment was based on the ground that certain portions of defendants' answer, consisting of denials and affirmative defenses, "have been ruled on by the National Labor Relations Board; that ruling was in favor of plaintiffs. A copy of said ruling ... is attached hereto as Exhibit A and incorporated herein by reference. The doctrine of collateral estoppel applies and defendants' denials are precluded. Further, affirmative defenses raised by defendants are likewise precluded by the doctrine of collateral estoppel."

Exhibit A, attached to plaintiffs' motion, was a letter from the Regional Director of Region 17 of the National Labor Relations Board directed to an attorney who represented some, and perhaps all, of the defendants.[2] That letter said, in pertinent part: "The above-captioned case, charging a violation under Section 8 of the National Labor Relations Act, as amended, has been carefully investigated and considered.... Based upon all of the foregoing, I am refusing to issue a complaint in this matter."

Seeking to uphold the ruling of the trial court, plaintiffs argue that defendants were collaterally estopped from presenting their pleaded defenses "because employees' presentation of their claim to the Regional Director of the National Labor Relations Board fulfilled the elements of the doctrine of collateral estoppel."

The refusal of the Regional Director of the National Labor Relations Board to issue a complaint does not act as res judicata, and no collateral estoppel effect attaches to such refusal. *Warehousemen's Local # 206 v. Continental Can Co.*, 821 F.2d 1348, 1351–1352[5] (9th Cir.1987); *Miller Brewing v. Brewery Wkrs. Local U. No. 9, Etc.*, 739 F.2d 1159, 1166[7] (7th Cir.1984); *Courier–Citizen v. Boston Electrotypers Un. No. 11*, 702 F.2d 273, 276–277, n. 6[2] (1st Cir.1983); *United Food and Commercial Workers v. N.L.R.B.*, 675 F.2d 346, 352–353, n. 7[4] (D.C.Cir.1982); *Edna H. Pagel, Inc. v. Teamsters Local Union 595*, 667 F.2d 1275, 1279–1280[7] (9th Cir.1982); *Peltzman v. Central Gulf Lines, Inc.*, 497 F.2d 332, 334–335[4] (2nd Cir.1974); *Aircraft & Engine Maintenance, Etc., v. I.E. Schilling Co.*, 340 F.2d 286, 289[3] (5th Cir.1965).

In *Warehousemen's Local # 206*, 821 F.2d at 1351–1352, the court said:

We have stated clearly that "in cases involving issues of fact or contract interpretation the NLRB's refusal to issue a complaint does not act as res judicata or bar a party from seeking arbitration under the collective bargaining agreement and ... no collateral estoppel effect attaches to such refusal."

In *Aircraft & Engine Maintenance, Etc.*, 340 F.2d at 289, the court said: "Here, there was no adjudication by the Board. Schilling filed a charge. The general counsel declined to issue a complaint. Surely, the mere refusal by the general counsel to issue a complaint is not res judicata and can not constitute a collateral estoppel."

---

**2.** Although plaintiffs' motion for summary judgment did not state which of the defendants were represented by the attorney to whom the letter was addressed, defendants' brief in this court contains this statement: "The collateral estoppel

claim is based upon the fact that the Employees [i.e. defendants] had filed charges of unfair labor practices with the Regional Director of the National Labor Relations Board, and the Director refused to issue a complaint on those charges."

Plaintiffs cite no authority inconsistent with the foregoing federal cases. The only Missouri case cited by plaintiffs is *Bresnahan v. May Dept. Stores Co.*, 726 S.W.2d 327 (Mo. banc 1987), which is factually distinguishable. In *Bresnahan*, the court held that an unappealed decision of the Labor & Industrial Relations Commission, in an unemployment compensation claim, collaterally estopped the employee from relitigating, in a breach of contract suit against the employer, a fact issue determined by the Commission. In *Bresnahan*, there was a hearing before the Appeals Tribunal of the Division of Employment Security where both the employer and the employee presented evidence. The Commission adopted the findings of fact of the Appeals Tribunal and determined that those findings were supported by competent and substantial evidence, and that the decision of the Appeals Tribunal denying benefits was made in accordance with the law. The Commission's decision was communicated to plaintiff, who did not avail herself of her statutory right to seek judicial review. *Bresnahan* did not involve a mere refusal by a government official, here a Regional Director of the National Labor Relations Board, to issue a complaint.

Plaintiffs' motion for summary judgment had no merit, and the trial court erred in sustaining it.

■ By their second point, defendants seek review of the trial court's denial of their "Cross–Motion" for summary judgment. A denial of a motion for summary judgment is not subject to appellate review. *National Motor Club of Missouri, Inc. v. Noe*, 475 S.W.2d 16, 23 (Mo.1972); *Parker v. Wallace*, 431 S.W.2d 136, 137[2] (Mo.1968); *Farmers and Merchants Ins. Co. v. Cologna*, 736 S.W.2d 559, 569[11] (Mo.App.1987); *Hamiltonian Fed. S. & L. v. Reliance Ins. Co.*, 527 S.W.2d 440, 444[9, 10] (Mo.App.1975); *Hoevelman v. Reorganized Sch. D. R2 of Crawford Co.*, 430 S.W.2d 753, 754–755[3] (Mo. App.1968). Defendant's second point is not subject to appellate review.

The order of the trial court sustaining plaintiffs' motion for summary judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

PREWITT and GARRISON, JJ., concur.