**SHELTER GENERAL INSURANCE CO.,**
Plaintiff/Respondent/Cross–Appellant,

v.

**William SIEGLER, William Phegley, Melvin C. Keeven and Laclede Gas Co., Defendants/Appellants/Cross–Respondents.**

Nos. 70358, 70435.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 29, 1997.

Amelung, Wulff & Willenbrock, P.C., Timothy J. Gallagher, Robert A. Wulff, Bryce M. Boswell, St. Louis, for Melvin C. Keeven.

Law Offices of Thomas R. Green, Patrick, H. Gadell, St. Louis, for William Siegler.

---

Joseph H. Mueller, Robyn G. Fox, St. Louis, for Respondent.

PUDLOWSKI, Judge.

This appeal arises from a judgment entered in a declaratory judgment action filed by Shelter General Insurance Company (Shelter). In the declaratory judgment action, Shelter sought a declaration of its rights, duties and obligations under a general liability policy issued to Kenneth J. Siegler and Henry Siegler d/b/a Siegler Brothers Contractors for claims and lawsuits against William Siegler arising out of an accident that occurred July 11, 1989.

Sometime prior to July 11, 1989, William Phegley contracted with Dorothy Pressman to construct a new addition to her home located in Creve Coeur, Missouri. Phegley contracted with appellant Melvin Keevan (Keevan) to perform the excavation and trenching work for the footings of the new addition and to pour the concrete floor. Keevan, in turn, sub-contracted with William Siegler (Siegler) to perform the necessary excavation and trenching work. The excavation and trenching work was to be performed on the Pressman property in an area where underground gas lines were located. The underground gas lines were owned and/or supplied by Laclede Gas Company and located in an easement and/or "right of way" which had been granted to Laclede Gas.

On July 11, 1989, Siegler struck, pulled and broke an underground natural gas line while performing excavation and trenching work on the Pressman's residential property. Siegler was using a backhoe at the time of the accident. Shortly thereafter, a flash fire ignited resulting in substantial damage to real and personal property in the Pressman household, as well as personal injury to Ngoc Muoi Hua, Pressman's domestic employee.

Dorothy Pressman filed suit in the Circuit Court of St. Louis County seeking compensation for damages against Phegley, Keevan and Siegler. Pressman settled with Keevan and executed a release of her claims against Phegley, Keevan and Siegler. Keevan then filed a suit in St. Louis City against Laclede Gas Company, Phegley and Siegler seeking contribution and apportionment of fault for the damages sustained by Pressman. Laclede Gas Company also filed suit against Siegler in the Circuit Court of St. Louis County, but the case was dismissed without prejudice. Keevan's claim for contribution is the only viable claim remaining.

Respondent/Cross-Appellant, Shelter, then filed a declaratory judgment action on July 14, 1993 in the Circuit Court of St. Louis County to determine its rights and liabilities to William Siegler under a contract of insurance issued to Kenneth J. Siegler (Siegler's father) and Henry Siegler d/b/a Siegler Brothers Contractors as named insureds. Shelter issued a general liability policy of insurance to Siegler Brothers Contractors, bearing policy number 24–31–C–1313248–0001. The policy was effective from October 28, 1988 to August 16, 1989. Neither William Siegler nor an entity known as K.J. Siegler and Son Concrete is listed as an insured on the Shelter policy in effect from October 28, 1988 to August 16, 1989. Kenneth Siegler died in 1986 at which time his wife, Kathleen "Kate" Siegler, mother of appellant Siegler, assumed the partnership vacated by her husband.

Shelter and appellants/cross-respondents, Keevan and Siegler (appellants), filed Cross Motions for Summary Judgment in the Circuit Court. Shelter later filed its Amended Motion for Summary Judgment. In its motion, Shelter claimed that Siegler was not an insured under the policy at the time of the accident. Shelter also alleged that, even if Siegler were insured, the damages which accrued on July 11, 1989 were excluded from coverage pursuant to the "Underground Property Damage Hazard" exclusion contained in the insurance policy.

On December 8, 1995, Shelter filed a motion requesting leave to amend its petition and a memorandum amending by interlineation its petition clarifying that Siegler was not insured under the policy until it was rewritten in 1990. Shelter's original petition did not contest the fact that Siegler was insured under the policy at the time of the accident. Appellants, in their joint motion for summary judgment, alleged that Shelter admitted that Siegler was an insured in its

petition. They also alleged that the property damage was covered, because the cause of the damage was Siegler's failure to ascertain the location of the underground gas lines prior to excavation and not the use of the backhoe. The trial court denied Shelter's motion for leave to amend the petition by interlineation.

On March 6, 1996, the trial court partially sustained and otherwise overruled Shelter's motion for summary judgment. The trial court also partially sustained and otherwise overruled appellants' joint motion for summary judgment. The trial court found and declared that Siegler was an insured under the contract. The trial court found that the property damage was caused by Siegler's use of mechanical equipment and as such was excluded from coverage under the underground property damage hazard exclusion.

Appellants appeal the grant of summary judgment excluding coverage for the property damage. Shelter cross-appeals the grant of summary judgment declaring that Siegler was insured under the policy. Shelter also appeals the denial of its motion to amend its petition to include its claim that Siegler was not insured under the policy at the time of the accident.

Because the resolution of the first of Shelter's two cross-appeal points renders its second point and appellants' one point moot, we will address only the first point. Shelter claims that Siegler was not an insured under the policy at the time of the accident, and that the trial court, therefore, erred in granting summary judgment to the appellants on the issue. Appellants claim that Shelter admitted that Siegler was an insured in its petition for declaratory judgment and was thereby estopped from contesting the issue in its summary judgment action. In the alternative, appellants argue that Siegler was an insured because he had assumed the business in lieu of his deceased father and, as such, became an insured.

Summary judgment permits the trial court to enter a judgment where the moving party has demonstrated, on the basis of the facts to which there is no genuine dispute, a right to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Sup-* *ply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely a matter of law and the standard of review, therefore, is de novo. *Id.* We view the record in the light most favorable to the party against whom judgment was entered. *Id.*

■ In its petition for declaratory judgment, Shelter refers to two insurance policies. The petition asserts, in part, that:

13. Shelter General Insurance Company issued a general liability policy of insurance to Kenneth J. Siegler and Henry Siegler, d/b/a Siegler Brothers Contractors, bearing the policy number 24–31–C–131248–1. A copy of the policy is attached and incorporated by reference as Exhibit A. Said policy was effective from October 28, 1988 to October 16, 1989.

14. On August 16, 1990, the policy was rewritten and the insureds were changed to William Siegler and Kathleen Siegler, d/b/a K.J. Siegler and Son Concrete.

15. William Siegler is an insured under the terms of the policy.

Appellants claim that these paragraphs constitute an admission on the part of Shelter that Siegler was an insured. We find, however, that these statements are open to more than one interpretation. First of all, they might suggest that William Siegler was an insured under the policy as it existed before it was rewritten. However, taken in context, they could also be interpreted to mean that Siegler was an insured under the policy after it was rewritten. As such, the statements do not rise to the level of a binding judicial admission. In order to be a binding judicial admission, a statement must "clearly and unequivocally admit facts which bind defendant inescapably to liability as a matter of law." *Lee v. Hartwig*, 848 S.W.2d 496, 501 (Mo.App.1992). Accordingly, Shelter's petition does not constitute an admission on the issue of Siegler's status as an insured.

■ Appellants also claim that Shelter is estopped from contesting Siegler's status as an insured in their summary judgment action because they did not raise the issue in their petition. Essentially, appellants are claiming that even if Siegler were not in-

sured under the policy and, therefore, not covered for the accident, he is now entitled to coverage because Shelter failed to raise the issue in its petition. We disagree. Waiver and estoppel may not be employed to create coverage where it otherwise did not exist. *Great West Casualty Co. v. Wenger*, 748 S.W.2d 926, 928 (Mo.App.1988). This rule is grounded in the idea that "estoppel and waiver do not themselves give a cause of action, and that the purpose of estoppel is to preserve rights previously acquired but not to create new ones." *Id.* at 928, quoting *Blew v. Conner*, 310 S.W.2d 294, 303–304 (Mo.App. 1958). Accordingly, Shelter is not estopped from asserting that Siegler was not an insured under the policy, as estoppel, in this instance, would act to create coverage where it may not otherwise exist.

█ We must now turn to the issue of whether the facts presented by appellants support a finding, as a matter of law, that Siegler was an insured under the policy. In the declaratory judgment action, appellants had the burden of proving coverage even though they were denominated as defendants in the action. *State Farm Fire & Casualty Co. v. D.T.S.*, 867 S.W.2d 642 (Mo.App. E.D. 1993). Accordingly, appellants had the burden to prove that Siegler was an insured under the policy at the time of the accident.

█ The named insureds on the policy in effect at the time of the accident were referred to as follows: KENNETH J. AND HENRY SIEGLER D/B/A SIEGLER BROS. CONTRACTORS. William Siegler was, therefore, not insured as a named insured and we must look elsewhere in the policy to see if Siegler is an insured under any other provision of the policy. Section II of the policy, entitled "PERSONS INSURED," reads, in pertinent part, as follows:

Each of the following is an insured under this insurance to the extent set forth below:

(b) if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any *partner or member* thereof but only with respect to his liability as such;

As we find no other provision in this section applicable, we will analyze Siegler's status as an insured according to (b), above. In order for Siegler to be an insured under this provision, he must have been a partner or member of the partnership, Siegler Bros. Contractors. Appellants claim that Siegler took over the business in 1986, but presently refers to it as "K.J. Siegler & Sons." The policy in effect on July 11, 1989 did not insure an entity called K.J. Siegler & Son Concrete, it only insured the partnership of Siegler Bros. Contractors. William Siegler and the partnership of K.J. Siegler & Son Concrete were not named insureds on the policy until after it was rewritten on August 16, 1990. The primary issue, therefore, is whether or not Siegler was a partner of the entity Siegler Bros. Contractors at the time of the accident.

Appellants offer no evidence to show that he was a partner in Siegler Bros. Contractors other than Siegler's statement that he took over the business after his father died in 1986. The record reflects, however, that Siegler's mother, Kate Siegler, paid a portion of the insurance premiums for the partnership and that she "assumed the partnership vacated by her husband." There is no dispute as to these facts. It was Kate Siegler who supposedly received a portion of the profits from jobs performed by partner Henry Siegler. It is also undisputed that Kate Siegler sent Siegler on jobs and then paid him for his work.

In their joint motion for summary judgment, appellants admit that Siegler was acting in his capacity as an "employee of K.J. Siegler and subcontractor to Keevan." An employee of the partnership, Siegler Bros. Contractors, is not included as an insured under Section II of the policy. Appellants contend, however, that Thomas Azar, an agent for Shelter, testified in deposition that an employee of the insured partnership, under the circumstances at hand, would be an insured. However, that is not exactly a clear representation of the testimony. Mr. Azar was presented with this hypothetical situation if Kate Siegler had contracted with Keevan to do the work at the Pressman house and then asked her son William Siegler to do the work, would he then be an insured? Mr.

Azar stated that Siegler would then be an insured. Appellants urge that this is conclusive evidence that Siegler was an insured. This argument is flawed for two reasons. First of all, the hypothetical is not consistent with the facts. It was Siegler, not his mother, who contracted with Keevan to do the work. Secondly, and most importantly, the policy clearly and unambiguously describes who is a named insured and who falls under the "PERSONS INSURED" provision, and we do not have the "power to rewrite the contract for the parties and must construe the contract as written." *Gabriel v. Shelter Mut. Ins. Co.,* 897 S.W.2d 119, 120 (Mo.App. S.D.1995).

An employee of the partnership is not covered under the policy as it is written. Mr. Azar's response to a hypothetical situation posed during a deposition does not change the language of the contract. We find that the evidence suggests that Siegler may have been an employee of the partnership, but not a partner. He, therefore, was not an insured under the policy in effect on July 11, 1989 and appellants failed to satisfy their burden of proving coverage. Accordingly, with the facts not in dispute, we find that the trial court erred in granting summary judgment as those facts do not support a finding that Siegler was an insured and entitled, therefore, to a judgment as a matter of law.

The judgment is reversed and the cause remanded with directions that the court enter judgment for Shelter General Insurance Co., plaintiff-respondent-cross-appellant, in accordance with this opinion.

CRANE, P.J., and GERALD M. SMITH, J., concur.