BETH PHILLIPS, JUDGE
Plaintiff Cathy Selvy, ("Plaintiff",) initiated this suit seeking payment of life insurance benefits owed by Sun Life Assurance Company of Canada, ("Defendant" or "Sun Life"). Defendant has filed a Motion for Summary Judgment, contending that the uncontroverted facts demonstrate that Plaintiff's son, Dustin Selvy, ("Dustin"), was not covered by the life insurance policy. For the following reasons, Defendant's Motion, (Doc. 23), is GRANTED.
I. BACKGOUND
The parties agree to most of the relevant facts and the remaining facts are construed in the light most favorable to the non-moving party. Defendant issued group life insurance coverage to the employees of the Lebanon R-III School District, ("School District"). The policy states that it is governed by Missouri law. (Doc. 1-3, p. 4.) The policy provided life and accidental death and dismemberment benefits to two "Eligible Classes" of School District employees. The two Eligible Classes were: (1) all full time-employees hired prior to April 1, 2015 who were scheduled to work at least 20 hours per week; and (2) all other full-time employees scheduled to work at least 30 hours per week.
Dustin was hired as a School District employee in 2007. Dustin worked as a bus monitor and was scheduled to work, and in fact worked, less than 20 hours per week. The parties agree that Dustin does not qualify under either of the policy's eligible *1028 classes. Nonetheless, Defendant received premium payments from Dustin's paycheck. Dustin remained an employee of the School District until October 2016, when he was killed in a car accident. Dustin's beneficiary, Plaintiff, submitted a claim for life and accidental death and dismemberment benefits. Defendant denied the claim and returned the previous twelve months of the premiums paid by Dustin to the District. (Doc. 24-1, ¶ 8.)
On May 25, 2017, Plaintiff filed this lawsuit in the Circuit Court of Laclede County, Missouri, and Defendant removed the case to federal court. In her Second Amended Complaint, Plaintiff alleges breach of contract, asserting that Defendant should be estopped from denying coverage because Defendant received premiums from Dustin's paycheck.[1] Plaintiff also alleges a count of vexatious refusal.
II. DISCUSSION
A moving party is entitled to summary judgment on a claim only upon a showing that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis , 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores , 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ; Tyler v. Harper , 744 F.2d 653, 655 (8th Cir. 1984), cert. denied , 470 U.S. 1057, 105 S.Ct. 1767, 84 L.Ed.2d 828 (1985).
Defendant seeks summary judgment on Plaintiff's claim for breach of contract and vexatious refusal. Defendant argues that (1) the policy in question is governed by Missouri law, (2) Dustin is not covered on the terms of the policy, and (3) Missouri law does not provide for insurance coverage by estoppel. Plaintiff argues that the policy is governed by Massachusetts law which permits a claim for coverage by estoppel and even if Missouri law applies, Missouri law does not preclude coverage by estoppel.
A. Choice of Law
"A district court sitting in diversity must apply the conflict of law rules for the state in which it sits." Inacom Corp. v. Sears, Roebuck and Co. , 254 F.3d 683, 687 (8th Cir. 2001). Missouri has adopted the Restatement (Second) of the Conflict of Laws in contract actions. Yates v. Bridge Trading Co. , 844 S.W.2d 56, 63 (Mo. Ct. App. 1992). Under Missouri law, "parties may choose the state whose law will govern the interpretation of their contractual rights and duties" and this choice will be honored "[s]o long as the application of this law is not contrary to a fundamental policy of Missouri." Peoples Bank v. Carter , 132 S.W.3d 302, 304 (Mo. Ct. App. 2004). In the absence of an agreed upon choice of law, Missouri courts have applied *1029 two different tests to determine the choice of law with respect to insurance policies. One test, "lex loci contractus," applies the law of state in which the final event constituting the formation of the contract takes place. See Miller v. Home Ins. Co. , 605 S.W.2d 778, 779 (Mo. 1980). The other test, the "most significant relationship test," balances a number of factors including the place of contracting, negating, and performing the contract. See Moss v. National Life & Acc. Ins. Co. , 385 F.Supp. 1291, 1297 (W.D. Mo. 1974).
Using the two different tests Missouri courts have used to determine choice of law with respect to insurance policies, Plaintiff argues that Massachusetts law applies. Defendant responds that Missouri law applies because the policy states that it is governed by Missouri law. The Court agrees with Defendant. The policy states "[t]his Policy is delivered in Missouri and is subject to the laws of that jurisdiction." (Doc. 1-3, p. 4.) Plaintiff does not argue that this choice of law provision is ambiguous or that the application of Missouri law is contrary to a fundamental policy of Missouri. Thus, there is no reason for the Court to apply either of Missouri's choice of law tests. Based on the language of the policy, the Court concludes the policy is governed by Missouri law.
B. Breach of Contract
Plaintiff does not contend that Dustin was covered under the terms of the insurance policy. Instead, Plaintiff argues that Defendant should be estopped from denying coverage because Defendant accepted Dustin's insurance premiums throughout the entirety of the policy's existence. Defendant argues that Plaintiff's claim for breach of contract fails because Missouri law does not provide for insurance coverage based on promissory estoppel.
Under Missouri law "estoppel cannot create a contract of insurance or so apply as to bring within the coverage of the policy property, or a loss or risk, which by the terms of the policy is expressly excepted or otherwise excluded ...' " Great West Gas. Co. v. Wenger , 748 S.W.2d 926, 929 (Mo. Ct. App. 1988) (citing Martinelli v. Security Insurance Co. , 490 S.W.2d 427, 434 (Mo. Ct. App. 1972) ), see also Hamra v. Magna Group, Inc. , 956 S.W.2d 934, 939 (Mo. Ct. App. 1997), Saey v. Xerox Corporation , 31 F.Supp.2d 692, 698 (E.D. Mo. 1998). Plaintiff acknowledges that there is "a line of cases under Missouri law which hold generally that estoppel cannot be used to create coverage that otherwise would not exist." (Doc. 25, p. 12.) Nevertheless, Plaintiff contends that the Court should not follow these cases. Plaintiff argues that the policy rationale behind these cases is that estoppel should not be utilized "to create insurance coverage where the risk is not insured under the policy." Great West Gas. Co. , 748 S.W.2d at 929 (emphasis added). Plaintiff contends that whether Dustin worked less than 20 hours a week is irrelevant because providing coverage to Dustin would not expose Defendant to additional risk. That is, having collected the premiums for employees working 20 hours a week, Defendant was already protected from the risk Dustin presented as an employee working less than 20 hours. However, Plaintiff does not cite to any Missouri cases that engage in this type of analysis. The Court finds Missouri case law clear that it cannot create rights not included in the policy. The policy stated that in order to be covered an employee must be scheduled to work 20 hours. It is undisputed that Dustin was scheduled to work, and in fact worked, less than 20 hours per week. Thus, Dustin was not covered by the policy.
*1030 III. CONCLUSION
Defendant's Motion for Summary Judgment, (Doc. 23), is GRANTED.
IT IS SO ORDERED.

Plaintiff has sought leave to file a Third Amended Complaint that asserts estoppel as an independent cause of action. The Court concludes that the Second Amended Complaint adequately alleges Plaintiff's theory, (see Doc. 16, ¶ 11), so the proposed Third Amended Complaint is unnecessary and the motion, (Doc. 27), is denied as moot.